UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

EMMANUEL EVARISTE,

          Petitioner,

    v.

                                  Case No. 19-cv-11144-DJC

THOMAS M. HODGSON, Sheriff, Bristol County,

          Respondent.
_____

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   August 29, 2019

### I.    Introduction

Petitioner Emmanuel Evariste ("Evariste") has filed this petition *pro se* for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. D. 1. The Respondent has moved to dismiss for lack of subject matter jurisdiction. D. 11. Evariste has filed several motions requesting to add new claims. D. 17; D. 19. The Court ALLOWS Evariste's motion to add a claim to the Petition requesting a bond hearing, D. 17, and DENIES his remaining requests for additional relief, D. 14; D. 15; D. 19. Having allowed Evariste to amend the Petition in this regard, the Court DENIES the motion to dismiss for lack of subject matter jurisdiction. D. 11.

### II.    Standard of Review

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) "[a]t the pleading stage," dismissal "is appropriate only when the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction." Muniz-Rivera v. United States, 326 F.3d 8, 11

(1st Cir. 2003). As with a Fed. R. Civ. P. 12(b)(6) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). Unlike a Rule 12(b)(6) motion, however, the Court may look beyond the pleadings to determine jurisdiction without converting the motion into a summary judgment motion. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

### III. Factual Background

Evariste, entered the United States from Haiti as a legal permanent resident on June 21, 1994. D. 1. Evariste has been convicted of numerous criminal offenses including, but not limited to, drug distribution offenses. D. 12-1 ¶¶ 7-11. After his most recent conviction for distribution of a Class B substance, he served his sentence in the South Bay House of Correction. D. 1. Upon the termination of his sentence, on December 21, 2018, U.S. Immigration and Custom Enforcement ("ICE") took Evariste into custody and charged him as removable from the United States pursuant to the Immigration and Nationality Act Section 237(a)(2)(A)(iii). D. 1; D. 12-1 ¶ 13.

The removal charge was based on his underlying conviction of an aggravated felony as defined in Section 101(a)(43)(B) of the Act. D. 12-1 ¶ 13. Before the immigration court, Evariste challenged the removal charge arguing that his underlying convictions had been vacated. D. 1. Evariste has now filed this Petition claiming that his underlying convictions were vacated and arguing therefore ICE has no basis to hold him. D. 1. On June 19, 2019, an immigration judge ordered Evariste removed to Haiti. D. 12-1 ¶ 18; D.14 at 1. Evariste has filed an appeal of that decision with the Board of Immigration Appeals on July 22, 2019, D. 17-2, which presumably is still pending.

## IV. Procedural History

Evariste instituted this action on May 20, 2019. D. 1. The Respondent has now moved to dismiss. D. 11. Since Evariste's initial filing of the Petition, D. 1, an immigration judge issued an order of removal, D. 12-1 ¶ 18; D. 14 at 1. After the Judge issued an order of removal, Evariste has filed additional motions challenging that order, D. 14; D.15, and motions requesting additional relief, D. 17; D. 19, including that Evariste seeks a bond hearing. D. 17.

## V. Discussion

### A. Amending the Petition as to the Bond Hearing

Since filing his original Petition for habeas relief with this Court, Evariste has filed a motion seeking a bond hearing. D. 17. As Evariste is proceeding *pro se*, the Court treats this motion as a motion seeking to amend and add new claims. See Laurore v. Spencer, 396 F. Supp. 2d 59, 62 (D. Mass. 2005) (treating the *pro se* plaintiff's motion as a motion to amend).

In deciding "whether amendment of a federal habeas petition should be allowed, a court must look to the Federal Rules of Civil Procedure." Id. (citing 28 U.S.C. §2242). Under the Rules, a litigant is permitted to amend once as a matter of right within twenty-one days of the Defendant filing a motion to dismiss, Fed. R. Civ. P. 15(a)(1)(B), and other amendments may be allowed with leave of court and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Respondent filed its motion to dismiss on July 19, 2019, D. 11, and Evariste filed his motion for a bond hearing within the appropriate time period on August 8, 2019, D. 17. Even if it had not been a timely amendment as of right, given the nature of the claim, as discussed fully below, the Court would have given leave to amend. For all of these reasons, the Court allows Evariste's motion, D. 17, to the extent that it was seeking to amend the Petition to a claim challenging his continued confinement without a bond hearing.

To the extent that Evariste effectively seeks to amend the Petition to seek other relief, see D. 19, the Court denies such leave as such amendment would be futile.

### B. Subject Matter Jurisdiction to Review the Removal Order

The Petition challenges the legality of his continued detention by arguing that the convictions underlying the order of removal have been vacated. D. 1. The Respondent has moved to dismiss the original Petition asserting this claim for lack of subject matter jurisdiction. D. 11. The Illegal Immigration Reform and Responsibility Act and Real ID Act, places certain limits on judicial review in immigration cases. See 8 U.S.C. § 1252; see also Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007) (explaining that section 1252 is a "general jurisdictional limitation" and applies to "all questions of law and fact and extends to both constitutional and statutory challenges" arising from removal) (internal quotations and citations omitted). Specifically, the legislation "deprives the district court of jurisdiction in removal cases." Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005). 8 U.S.C. § 1252, the relevant statutory provision, is designed to "consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively with the court of appeals." Aguilar, 510 F.3d at 9 (emphasis in original) (citing 8 U.S.C. § 1252(a)(5)).

Evariste argues that his underlying convictions were vacated and therefore ICE lacks removability authority. D. 1. Although the First Circuit has explained that "district courts retain jurisdiction over challenges to the legality of detention in the immigration context," this jurisdiction is limited to detention challenges distinct from removal issues. Aguilar, 510 F.3d at 11; Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 467 (D. Mass. 2010) (explaining that "[s]ome challenges to the legality of the detention are not independent of the removal process").

4

Given the nature of Evariste's challenge to the basis of his removability, such claim would necessarily require this Court to consider the grounds for his removal, an issue not within the jurisdiction of this Court. See Flores-Powell, 677 F. Supp. 2d at 468 (holding that the court lacks jurisdiction to review the petitioner's claim because considering it would require the court to evaluate the grounds for removal). The framing of this challenge as a constitutional issue does not confer jurisdiction where Congress has expressly limited it. See Candra v. Cronen, 361 F. Supp. 3d 148, 156 (D. Mass. 2019) (acknowledging that plaintiff's "attempt to frame his claim in due process language does not change [the] result").

Since Evariste's initial filing of the Petition, D. 1, an immigration judge has issued an order of removal, D. 12-1 ¶ 18; D. 14 at 1. Evariste now asks this Court to reopen the case or reconsider the legal and factual errors made by the Immigration Judge, D. 14, and to terminate removal proceedings, D. 15 at 1. These motions are also subject to the channeling mechanism of section 1252 and, therefore, are not properly before this Court. See 8 U.S.C. § 1252; Compere v. Riordan, 368 F. Supp. 3d 164, 170 (D. Mass. 2019) (recognizing that "[w]hile a petitioner may seek to reopen removal proceedings or a stay of removal, he or she must do so through the procedure established by statute and regulation").

C. **Subject Matter Jurisdiction to Consider Request for Bond Hearing**

Evariste's request for a bond hearing, however, stands on different footing. He now seeks a bond hearing with this Court alleging that he is part of the class entitled to same pursuant to the Fifth Amendment's due process clause and Reid v. Donelan, No. 13-cv-30125-PBS, 2019 WL 2959085 (D. Mass. July 9, 2019), D. 17, an assertion that the Respondent does not dispute, D. 21 at 4. There appears to be no dispute as to this Court's subject matter jurisdiction over this claim. See id. Indeed, this Court has jurisdiction to review this issue. See Denmore v. Kim, 538 U. S.

510, 517 (2003) (holding that federal courts have jurisdiction to review habeas claims challenging detention without bail). Whether Evariste's continued detention without a bond hearing is unreasonable under the Fifth Amendment's due process clause is a separate issue not yet fully briefed by the parties.

**VI.     Conclusion**

For the foregoing reasons, the Court ALLOWS Evariste's motion to add a claim for a bond hearing to the Petition, D. 17, DENIES Evariste's remaining motions to add additional claims and for additional relief, D.14; D.15; D. 19, and DENIES the motion to dismiss for lack of subject matter jurisdiction, D. 11. The only claim in the Petition going forward is the claim regarding continued detention without a bond hearing. Accordingly, Evariste has until September 12, 2019 to file a memorandum addressing the factual basis for being entitled to a bond hearing, as that standard has been articulated in Reid, and the Respondent then has until September 23, 2019 to respond and provide any further update to the Court.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge